IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY RISKO, as Executrix of the Estate of GRACE HELTON | : : : | CIVIL ACTION |
| v. | : : | |
| ALLSTATE INSURANCE COMPANY | : | NO. 23-5162 |

## MEMORANDUM

**Padova, J.**                                                                                          July 9, 2024

Plaintiff has brought the instant lawsuit pursuant to Title 42, Pennsylvania Consolidated Statutes Annotated § 8371 and state common law, alleging that Defendant acted in bad faith and breached its contract of insurance with Plaintiff by failing to pay Plaintiff's claim for damage to certain property. Defendant has moved to dismiss Plaintiff's bad faith claim. For the reasons that follow, we grant the Motion without prejudice.

**I.     FACTUAL BACKGROUND**

The Amended Complaint alleges the following facts. Defendant issued Plaintiff a policy of insurance (the "Policy") for the property located at 104 Furlong Ave, Newtown Square, PA 19073 (the "Property"). (Am. Compl. ¶ 6.) On January 15, 2023, when the Policy was in full force and effect, Plaintiff suffered direct physical loss and damage to the Property as a result of a peril insured against under the Policy, resulting in damage to the Property. (Id. ¶ 7.) Defendant has failed to pay Plaintiff for the damages suffered as a result of this loss. (Id. ¶ 9.) Plaintiff has suffered damages in excess of $50,000 as a result of Defendant's failure to pay benefits under the Policy. (Id. ¶ 10.) The Amended Complaint asserts two claims for relief. Count I asserts a claim for breach of contract under Pennsylvania common law. Count II asserts a claim for bad faith pursuant to 42 Pa. Cons. Stat. Ann. § 8371. Defendant has moved to dismiss Count II pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.  LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). However, we "need not 'accept as true a legal conclusion couched as a factual allegation.'" Host Int'l, Inc. v. MarketPlace PHL, LLC, 32 F.4th 242, 248 (3d Cir. 2022) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (citation omitted).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Under this

standard, a complaint need not plead all of the facts necessary to prove each element of the plaintiff's claims; it need only allege enough facts to "'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" Martinez v. UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021) (alteration in original) (quoting Fowler, 578 F.3d at 213). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

## III.   DISCUSSION

The Pennsylvania insurance bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371, provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. A party bringing a bad faith action under § 8371 "must establish: '(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'" Reid ex rel. Lopez v. Selective Ins. Co., Civ. A. No. 20-1260, 2020 WL 3265148, at *1 (E.D. Pa. June 17, 2020) (quoting Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 377 (Pa. 2017)). Moreover, "[a]ctionable bad faith encompasses behavior beyond the denial of a claim without a reasonable basis, including an insurer's investigation of a claim." Gold v. State Farm Fire & Cas. Co., 880 F. Supp. 2d 587, 597 (E.D. Pa. 2012); see also Hollock v. Erie Ins. Exch., 842 A.2d 409, 415 (Pa. Super. Ct. 2004) (en banc) (stating that "'[a]n action for bad faith may also extend to the

3

insurer's investigative practices'" (alteration in original) (quoting O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. Ct. 1999))). Thus, an insurer is required to "'properly investigate claims prior to refusing to pay the proceeds of the policy to its insured.'" Gold, 880 F. Supp. 2d at 597 (quoting Bombar v. W. Am. Ins. Co., 932 A.2d 78, 92 (Pa. Super. Ct. 2007)).

When asserting a bad faith claim, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." Toner v. GEICO Ins. Co., 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citations omitted). The "plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." Id. (citation omitted). "'[B]are-bones' conclusory allegations . . . do not state a plausible bad faith claim." Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 600 (E.D. Pa. 2010) (citing Fowler, 578 F.3d at 210).

Defendant argues that we should dismiss Count II because the Amended Complaint's allegations of bad faith are conclusory and do not include specific facts showing that Defendant acted in bad faith. Defendant relies on allegations in the Amended Complaint that Defendant acted in bad faith by "failing to pay Plaintiffs' covered loss in a prompt and timely manner . . . failing to objectively and fairly evaluate Plaintiffs' claim . . . conducting an unfair and unreasonable investigation . . . unreasonably withholding policy benefits . . . [and] acting unreasonably and unfairly in response to Plaintiffs' claim." (See Am. Compl. ¶ 18(e), (f), (g), (m), (n)). We agree that these allegations of bad faith are all conclusory. Indeed, the majority of the Amended Complaint's bad faith allegations are purely conclusory. (See id. ¶ 18(d)-(o).) However, the Amended Complaint also contains allegations that Defendant acted in bad faith by "sending correspondence [i]n April, 2023 falsely representing that Plaintiff . . . was not entitled to benefits" under the Policy; "refusing to consider evidence that Plaintiff used reasonable care to maintain

4

heat at the Property including, . . . setting thermostats to 70 degrees;" and "refusing to consider evidence that Plaintiff used reasonable care to maintain heat at the Property including . . . ensuring regular heating oil deliveries." (Id. ¶ 18(a)-(c).) Thus, we must determine whether these three allegations are sufficient to plausibly allege a bad faith claim pursuant to 42 Pa. Cons. Stat. Ann. § 8371.

The Amended Complaint wholly fails to allege any facts that describe Plaintiff's loss or the cause thereof. The Amended Complaint also fails to allege the basis for Defendant's denial of Plaintiff's claim. Consequently, even when we construe the three factual allegations found in paragraph 18 of the Amended Complaint in the light most favorable to the Plaintiff, Shorter, 12 F.4th at 371 (citing Warren Gen. Hosp., 643 F.3d at 84), we cannot find that Plaintiff's provision of heat at the Property, or failure to provide heat at the Property, had any connection with Plaintiff's loss or with Defendant's decision to deny Plaintiff's claim.[1] Consequently, we cannot conclude that the Amended Complaint plausibly alleges that Defendant (1) "'did not have a reasonable basis for denying benefits under the policy'" and (2) "'knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'" Reid *ex rel.* Lopez, 2020 WL 3265148, at *1 (quoting Rancosky, 170 A.3d at 377). Similarly, we cannot conclude that Defendant failed to "'properly

---

[1] We acknowledge that Plaintiff's Response to the Motion to Dismiss contains some factual background regarding her loss and Defendant's denial of her claim. Specifically, Plaintiff's response states that "[o]n or about January 25, 2023, while the Policy was in full force and effect, Plaintiff suffered water damage resulting from a burst pipe." (Pl.'s Mem. at 1-2.) Plaintiff's response further states that "Defendant investigated the loss and ultimately denied all coverage under the Policy, alleging that Plaintiff had not used reasonable care to maintain heat at the property." (Id. at 2.) Plaintiff's response also states that she responded to Defendant's denial of her claim by "offer[ing] evidence of causation, including . . . testimony and evidence of regular oil heat deliveries to the Property. Defendant maintained the denial." (Id.) However, we cannot consider Plaintiff's description of these events in connection with this Motion to Dismiss because none of these facts are alleged in the Amended Complaint. See Alpizar-Fallas, 908 F.3d at 914 (quotation omitted).

investigate [Plaintiff's] claims prior to refusing to pay the proceeds of the policy.'" Gold 880 F. Supp. 2d at 597 (quoting Bombar, 932 A.2d at 92). We conclude, accordingly, that the Amended Complaint fails to allege a facially plausible claim for bad faith pursuant to 42 Pa. Cons. Stat. Ann. § 8371.

## IV. CONCLUSION

For the reasons stated above, we grant Defendant's Motion to Dismiss Count II of the Amended Complaint. Plaintiff requests leave to file a second amended complaint in the event that we grant the Motion. Federal Rule of Civil Procedure 15(a) provides that "[t]he Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(a). While "'prejudice to the nonmoving party is the touchstone for denial of an amendment,' denial may also be 'based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.'" Chestnut v. Finck, 722 F. App'x 115, 118 (3d Cir. 2018) (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)). Since this case is in its earliest stage and the parties have not yet conducted any discovery, we perceive no prejudice to Defendant from allowing Plaintiff to further amend her complaint. Moreover, there is no indication that Plaintiff has acted in bad faith, has acted with dilatory motive, has unduly delayed litigation, or has repeatedly failed to cure the deficiencies in her bad faith claim by amendment. Furthermore, it does not appear that amendment would be futile. We thus grant Plaintiff's request for leave to file a second amended complaint. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.